```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

John McQueen,                  :

       Plaintiff,         :     Case No. 2:16-cv-0152

  v.                           :     JUDGE ALGENON L. MARBLEY

Mark A. White,                 :     Magistrate Judge Kemp

       Defendant.         :

<u>ORDER</u>

    Plaintiff John McQueen filed this action against Mark A. White, who appears to be a doctor from whom Mr. McQueen sought treatment.  Mr. McQueen has neither paid the filing fee for a civil case ($400.00) nor has he submitted an application to proceed *in forma pauperis*.  One or the other is needed before the case can proceed.  He will be directed either to pay the fee or move for leave to proceed *in forma pauperis*.

    The Court adds this note.  Should Mr. McQueen file an *in forma pauperis* application, the Court will then review his complaint under 28 U.S.C. §1915(e)(2), which provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  It appears that Mr. McQueen's complaint would not survive such a review.

    In his complaint, Mr. McQueen states that he is attempting to appeal a decision of the Ohio Supreme Court which upheld the dismissal of a state court action he filed against Dr. White (as

the complaint says, "Plaintiff, John McQueen, requests this honorable court to accept jurisdiction of his appeal form the judgment of the Ohio Supreme Court entered Feb. 10, 2016, under Case No. 2015-1817..."). The background of that case can be found in McQueen v. White, 2015 WL 5703293 (Franklin Co. App. Sept. 29, 2015), appeal not allowed 144 Ohio St.3d 1478 (Feb. 10, 2016). But a United States District Court has no jurisdiction to hear an appeal from a decision of a state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)("The jurisdiction possessed by the District Courts is strictly original")(original in this context means "not appellate"). The only federal court which has appellate jurisdiction to review state court judgments is the United States Supreme Court. As the Supreme Court has said, it "is vested, under 28 U.S.C. §1257, with jurisdiction over appeals from final state-court judgments. We have held that this grant of jurisdiction is exclusive." Lance v. Dennis, 546 U.S. 459, 463 (2006). Nevertheless, this Court cannot make any decision - even a decision that the case cannot proceed and must be dismissed for lack of jurisdiction - until Mr. McQueen either pays the filing fee or asks to be relieved of that obligation because he cannot afford it.

It is therefore ordered that, within thirty days, Mr. McQueen either pay the $400.00 filing fee or request leave to proceed *in forma pauperis*. He can find an application to proceed without prepayment of fees and affidavit on the Court's website under "Forms." If he does neither, the case will be dismissed for failure to pay the filing fee, although, as noted above, even if he does pay the fee or ask for leave to proceed *in forma pauperis*, the case will likely be dismissed for lack of jurisdiction.

/s/ Terence P. Kemp
United States Magistrate Judge