IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John McQueen,                          :

            Plaintiff,       :     Case No. 2:16-cv-0152

      v.                     :     JUDGE ALGENON L. MARBLEY

Mark A. White,               :     Magistrate Judge Kemp

            Defendant.       :


REPORT AND RECOMMENDATION


     In a prior order filed in this case, Doc. 2, the Court noted
that Plaintiff John McQueen had neither paid the filing fee for a
civil case nor submitted an application to proceed *in forma
pauperis*.  He was advised that the failure to do either could
lead to dismissal.  On April 13, 2016, Plaintiff filed a motion
for leave to proceed *in forma pauperis*.  It provides a small
amount of detail about his finances, enough to permit the Court
to decide that he cannot afford the filing fee.  His motion (Doc.
5) is therefore granted.  However, for the following reasons, the
Court will recommend that the case be dismissed under 28 U.S.C.
§1915(e).

I.  Introduction

     28 U.S.C. §1915(e)(2) provides that in proceedings *in forma
pauperis*, "[t]he court shall dismiss the case if ... (B) the
action ... is frivolous or malicious [or] fails to state a claim
on which relief can be granted...."  The purpose of this section
is to prevent suits which are a waste of judicial resources and
which a paying litigant would not initiate because of the costs
involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A
complaint may be dismissed as frivolous only when the plaintiff
fails to present a claim with an arguable or rational basis in

law or fact. <u>See</u> <u>id</u>. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." <u>Id</u>. at 328; <u>see</u> <u>also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

## II. <u>Discussion</u>

In his complaint, Mr. McQueen stated that he was attempting to appeal a decision of the Ohio Supreme Court which upheld the dismissal of a state court action he filed against Dr. White (as the complaint says, "Plaintiff, John McQueen, requests this honorable court to accept jurisdiction of his appeal from the judgment of the Ohio Supreme Court entered Feb. 10, 2016, under Case No. 2015-1817..."). In its prior order, the Court advised Mr. McQueen that a United States District Court has no jurisdiction to hear an appeal from a decision of a state court. <u>See Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923)("The jurisdiction possessed by the District Courts is strictly original")(original in this context means "not appellate"). In his motion for leave to proceed *in forma pauperis*, Mr. McQueen has addressed this issue, stating that he is not pursuing an appeal from the state court judgment, but rather asserting an independent claim against the defendant. The Court must therefore consider whether such a claim should be allowed to proceed here.

Leaving aside any statements in the original complaint which take issue with the state courts' handling of the case which Mr. McQueen filed there - because he cannot, under the <u>Rooker</u> case, obtain review of alleged state court errors from this Court - the complaint alleges only this: that Mr. McQueen filed a civil rights action against Mark White in state court, and that the state court complaint alleged that "Mark A. White, showed deliverate (sic) indifference to [Mr. McQueen's] serious medical needs by addicting him to pain killers and then discontinued the medication claiming he had made a mistake.  Thus, leaving McQueen, to suffer with broken bones and no treatment." Complaint, Doc. 1, ¶1.  There are no other allegations about who Mark White is or in what capacity he acted, and no indication of when any of the relevant events occurred.

In his motion for leave to proceed *in forma pauperis*, Mr. McQueen clarifies that he is asserting a Fourteenth Amendment claim.  He has also asked the Court to order the defendant to produce Mr. McQueen's medical records "so the Court can get to the truth of Plaintiff's allegations contained in the pleadings at the state court level."  He asserts that "on its face, the Court can not just say a plaintiff can prove no set of facts. The Court must prove it."  Doc. 5, at 2.

Since Mr. McQueen has referred to his state court complaint, the Court will examine the state court proceedings as well. According to the Tenth District Court of Appeals, which filed an Opinion in that case on September 29, 2015, there was, quoting the trial court's dismissal order, "'"no allegation in the complaint suggests that [appellant] was a state prisoner, or otherwise under the care, custody, or control of the state at the time of the events in question.'"  <u>McQueen v. White</u>, 2015 WL 5703293, *1 (Franklin Co. App. Sept. 29, 2015).  On appeal, Mr. McQueen argued that Dr. White, who is apparently a private physician, was a state actor because, among other things, Dr. White provided treatment pursuant to Mr. McQueen's state-issued

medical card.  The court of appeals rejected all of his arguments and affirmed the trial court's decision that the complaint did not state a claim for constitutional violations under 42 U.S.C. §1983.

Giving Mr. McQueen the benefit of every doubt, and taking into account the pleadings and arguments he filed in the state courts, it is clear that he has not alleged any basis for federal court jurisdiction.  The state courts correctly observed that absent state action - that is, something which the defendant did either as a state official or on behalf of a state or local governmental entity - the provisions of the United States Constitution, including the Eighth and Fourteenth Amendments, do not apply.  As the United States Supreme Court stated in <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978), "most rights secured by the Constitution are protected only against infringement by governments."  Since 42 U.S.C. §1983 is simply a way for private litigants to enforce their constitutional rights in court, absent infringement of a constitutional right by a state government or state actor, there is no viable claim under that statute.

To be sure, there are ways in which a private individual can be held to have acted under color of state law.  <u>See Marie v. Am. Red Cross</u>, 771 F.3d 344, 362 (6th Cir. 2014).  There must, however, be facts pleaded in the complaint which make it plausible that the defendant acted in one of these ways before the Court can allow a complaint to proceed against a private individual under §1983.  This Court has held that when "Plaintiff's allegations do not set forth facts establishing that it is plausible any Defendant can be considered a state actor," dismissal is required.  <u>Stephens v. Grandview Medical Center Police Dept.</u>, 2012 WL 1884129* 4 (S.D. Ohio May 22, 2012), <u>adopted and affirmed</u> 2012 WL 2115390 (S.D. Ohio June 11, 2012).

Mr. McQueen's complaint does not allege any such facts.  Even if it did, because the state courts decided this exact issue

-4-

against him, the case is likely to be subject to dismissal on *res judicata* grounds - that is, based on the concept that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). However, the Court need not rely on that doctrine here because the complaint does not plead any facts which plausibly allege that Defendant White is a state actor or acted under color of state law. For that reason, the complaint is subject to dismissal under 28 U.S.C. §1915(e)(2).

### III.  Conclusion

Based on the reasons stated in this Report and Recommendation, it is recommended that this action be dismissed for failure to state a claim upon which relief can be granted.

### IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140

-5-

(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge