IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. MCQUEEN, | : | |
| | : | Case No. 2:16-CV-0152 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| MARK A. WHITE, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff John W. McQueen's Objection (Doc. 9) to Magistrate Judge Kemp's May 18, 2016 Report and Recommendation recommending that this case be dismissed for failure to state a claim upon which relief may be granted. (Doc. 6.) For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's Complaint is **DISMISSED**.

### I.   BACKGROUND

Plaintiff John W. McQueen commenced this action on February 18, 2016, stating that he had filed a civil-rights complaint in state court alleging violations of his Eighth and Fourteenth Amendment rights. (Doc. 1.)  Specifically, he alleges that Defendant Dr. Mark A. White showed "deli[b]erate indifference to his serious medical needs by addicting hi[m] to pain killers, and then discontin[]uing the medication, claiming he had made a mistake[,] [t]hus leaving [Plaintiff] to suffer with broken bones and no treatment." (Doc. 9 at 1–2.)  Plaintiff seeks to pursue a claim against Defendant in this Court that was already decided against Plaintiff in state court. (Doc. 6 at 2.)  The Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis*, but because

Plaintiff did not allege that the doctor was a state employee or otherwise a state actor and "because the state courts decided this exact issue against [Plaintiff]," the Magistrate Judge recommended that the complaint be dismissed. (Doc. 6 at 4–5.) Plaintiff objected to the Magistrate Judge's Report and Recommendation, arguing that he is not seeking to appeal the state court judgment, but rather pursuing compensation for the violation of his constitutional rights. (Doc. 9 at 2.)

## II.   STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Because Plaintiff moved the Court to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Magistrate Judge conducted an initial screening of the complaint under § 1915(e)(2), which provides that "the court shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief may be granted." In order to state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). The factual allegations of the

complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus, a complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.    ANALYSIS

Plaintiff argues that he does not seek to appeal the state court judgment (Doc. 9 at 1), but it is nevertheless clear that he seeks relief based upon the same allegations at issue in that case. (Doc. 9; Doc. 6.) While Plaintiff has rephrased his grievances against Dr. White, the Complaint shows that Plaintiff's claims have already been litigated in state court, precluding their re-argument in federal court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).  As the Supreme Court explained in *Allen v. McCurry*, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerge would do so." 449 U.S. 90, 96 (1980). Here, Plaintiff's case was dismissed by the Franklin County Court of Common Pleas, the dismissal was affirmed by the Tenth District Court of Appeals, and the Ohio Supreme Court declined to review the appeal. (Doc. 1 at 4.) Thus, the state-court judgment against Plaintiff precludes this Court from considering his claim. *Id.*

### IV.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (Doc. 9) and **ADOPTS** the Magistrate Judge's Report and Recommendation. (Doc. 6.) Plaintiff's Complaint is **DISMISSED**. The Clerk is directed to enter Judgment for Defendant.

**IT IS SO ORDERED.**

                                                            <u>s/ Algenon L. Marbley</u>
                                                            **ALGENON L. MARBLEY**
                                                            **UNITED STATES DISTRICT JUDGE**

**DATED:  June 27, 2016**